UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

SUZANA GIMENEZ DELLA TORRE,       Case No. 19-21901-LMI
                                  Chapter 7
    Debtor.
_____/

**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED
EXEMPTIONS AND MOTION FOR TURNOVER**

MARCIA T. DUNN, the successor Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of SUZANA GIMENEZ DELLA TORRE (the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 4003 and 11 U.S.C. §§ 522(b)(3)(A), 541, 542, and 548(e), files this Objection to the Debtors' Claimed Exemptions (the "Objection") and Motion for Turnover ("Motion"), and in support states as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (E) & (O). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

2.    Prior to the Petition Date (as defined below), on September 27, 2015, the Debtor, through her entity/former entity Della Torre Wellness & Skin Care, Inc., filed suit against Orgreen Salon & Spa, LLC ("Lawsuit"). Jasmine Do, the owner of Orgreen Salon & Spa, LLC, filed a counterclaim against the Debtor individually for breach of contract, fraud in the inducement, and negligent misrepresentation.

3.  The Lawsuit was set for the September 23, 2019 through November 29, 2019 trial calendar. Attached hereto as **Exhibit 1** is a true and correct copy of the *Order Setting Jury Trial and Directing Pretrial and Mediation Procedures*.

4.  On September 5, 2019 (the "Petition Date"), the Debtor commenced the instant bankruptcy case with the filing of a voluntary petition for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code").

5.  Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

6.  The Debtor's First Meeting of Creditors pursuant to 11 U.S.C. § 341 (the "First Meeting") was originally scheduled for October 10, 2019, continued to November 14, 2019 [D.E. 26], and was held and concluded [D.E. 31].

7.  The original deadline to file an objection to the Debtor's claimed exemptions was December 16, 2019.

8.  On February 7, 2020, Trustee filed and served a second agreed *ex-parte* motion seeking to extend the deadline for the Trustee to object to exemptions [D.E. 41] and the Court entered an order extending the Trustee's objection deadline to March 31, 2020 [D.E. 42]. Therefore, this Objection and Motion are timely.

**DEBTOR'S SCHEDULES**

9.  On October 2, 2019, the Debtor filed her initial *Schedules* [D.E. 17]. On November 22, 2019, the Debtor filed *Amended Schedules* [D.E. 35] valuing the following personal property under *Amended Schedule A/B* (the "Personal Property") and claiming certain personal property exempt under *Schedule C* (Schedule C was not amended):

2

| SCHEDULE A/B – LINE | DESCRIPTION | SCHEDULED VALUE | AMOUNT CLAIMED EXEMPT |
|---|---|---|---|
| 6 | Household goods and furnishings | $4,675.00 | $675.00 |
| 7 | Electronics | $250.00 | $250.00 |
| 12 | Jewelry | $100.00 | $75.00 |
| 17.1 | Bank of America Savings Account x2038 | $620.00 | Not Claimed Exempt |
| 17.2 | Acorns Investment (account) | $218.00 | Not Claimed Exempt |
| 17.3 | Bank of America Checking Account x2003 | $675.47 | Not Claimed Exempt |
| 17.4 | Bank of America Checking Account x2038 | $197.29 | Not Claimed Exempt |
| 17.5 | Bank of America Checking Account x5417 | $154.60 | Not Claimed Exempt |
| 17.6 | Bank of America Checking Account x3664 (claiming daughter's bank account) | $0.00 | Not Claimed Exempt |
| ***TOTALS:*** | | ***$6,890.36*** | ***$1,000.00*** |

10.     Debtor's *Schedule A* [D.E. 17] values her home at $120,000.00 (the "Real Property"). Debtor's *Amended Schedule A* [D.E. 35] values the Real Property at $250,000.00. Debtor schedules no secure debt on the Real Property. Under *Schedule C* [D.E. 17], the Debtor appears to claim the Real Property exempt pursuant to Fla. Const. art. X, § 4(a)(1) and Fla. Stat. Ann. §§ 222.01 and 222.02 at "100% of fair market value, up to any applicable statutory limit."

11.     The Real Property is owned by the "Suzana Gimenez Della Torre Trustee of The Suzana Giminez Della Torre Family Revocable Living Trust dated June 27, 2011" (the "SDT Trust"). The Debtor fails to disclose her interest in the SDT Trust. Attached hereto as **Exhibit 2** is a true and correct copy of the SDT Trust agreement. The SDT Trust may have been amended on or around August 7, 2019 - merely twenty-nine (29) days before the Petition Date[1] - by the

---

[1] Upon information and belief, the Debtor's CMA Account is now titled as follows: "SUZANA GIMENEZ DELLA TORRE, TTEE U/A DTD 08/07/2019." To date, the Trustee has not received any document evidencing an amendment dated August 7, 2019.

3

"SUZANA GIMENEZ DELLA TORRE, TTEE U/A DTD 08/07/2019" (the "August 2019 Trust") or this may be an entirely new trust created by the Debtor merely twenty-nine (29) days before the Petition Date.

12. The Debtor fails to disclose the August 2019 Trust.

13. The Debtor, wholly, fails to disclose the ownership of clothing, shoes, and/or accessories under the initial *Schedule B* and the *Amended Schedule B, Item 11* [D.E. 35].

14. The Debtor's *Amended Schedule B, Item 17* [D.E. 35] lists five (5) financial accounts with a total of $1,865.36. However, in the ninety (90) days before bankruptcy, the Debtor withdrew approximately $8,874.00.

15. Further, the Debtor fails to disclose her ownership in a financial account held at Merrill Lynch numbered x2T95 (the "CMA Account").

16. On August 30, 2019, the CMA Account balance was $55,182.28 and in the name of "MS SUZANA GIMENEZ DELLA TORRE." Attached hereto as **Exhibit 3** is a true and correct copy of the August 30, 2019 CMA account statement.

17. On September 30, 2019, the CMA Account balance was $53,724.56 and in the name of "SUZANA GIMENEZ DELLA TORRE, TTEE U/A DTD 08/07/2019." Attached hereto as **Exhibit 4** is a true and correct copy of the September 30, 2019 CMA account statement.

18. The Debtor fails to disclose the SDT Trust and fails to disclose the transfer of the funds from the Debtor individually to "SUZANA GIMENEZ DELLA TORRE, TTEE U/A DTD 08/07/2019."   Again, to date, the Debtor has failed to produce any document demonstrating the August 2019 Trust.

19. The Debtor fails to disclose any tax refund, including her 2019 tax refund.

4

# ARGUMENT

### *General Objections*

20. The bankruptcy estate formed upon the filing of a Chapter 7 action comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of the estate is broad and includes both tangible and intangible property. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05 (1983).

21. The Trustee objects to the Debtor's claimed exemption of all personal property, to the extent that the actual fair market value of said property as of the Petition Date, when combined with the Debtor's other non-exempt assets, causes the Debtor to exceed the available $1,000.00 per person personal property exemption under Fla. Const. art. X, § 4(a)(2), or to the extent that any claimed property was converted from non-exempt assets in derogation of Fla. Stat. §§ 222.29 and 222.30, or any other applicable law.

### *Specific Objection to CMA Account*

22. While not claimed as exempt, but to the extent necessary, the Trustee is objects to the CMA account as exempt.

23. First, to the extent the CMA Account is held by either trust, such trusts are revocable, the Debtor may pay to herself the principal of the SDT Trust to herself and may pay herself the income of the SDT Trust to herself. Upon the filing of the Petition, the power of the Debtor to revoke or amend the SDT Trust thus became property of the estate. *See Askanase v. Livingwell, Inc.*, 45 F.3d 103, 106 (5th Cir.1995) ("What comes to the bankruptcy estate is not only the property in which debtor has an interest, but also, the powers the debtor can exercise for its own benefit over property regardless of the title debtor may be acting under.") (citation

omitted). To the extent the Trustee must object to any objection and revoke the trusts, the Trustee specifically pleads same.

24. To the extent the SDT Trust has a valid spendthrift provision (it does not), when a settlor creates a trust for her own benefit, rather than for the benefit of another, a spendthrift provision will not protect assets. *See In re Nichols*, 434 B.R. 906, 909 (Bankr. M.D. Fla. 2010) (citing *In re Witlin*, 640 F.2d 661, 663 (5th Cir. Unit B 1981) (holding, under Florida law on spendthrift trusts, debtor's interest in his Keogh plan was not exempt from his bankruptcy estate where the debtor was both the beneficiary and the settlor of the plan); *Croom v. Ocala Plumbing & Elec. Co.,* 62 Fla. 460, 57 So. 243, 244–45 (1911) (holding creditors could reach trust property, despite presence of spendthrift clause, where the beneficiaries possessed absolute control over the property). Here, the SDT Trust was clearly established solely for the benefit of the Debtor and the transfer of the CMA Account within a month of bankruptcy to the SDT Trust was done to solely benefit the Debtor.

25. Lastly, to the extent necessary, the Trustee objects to any claim exemption in the SDT Trust under 11 U.S.C. § 548(e)(1). The Debtor transferred the CMA Account from her individual name into the name of her one of her trusts with actual intent to hinder, delay, or defraud creditors. The SDT Trust is on its face a self-settled trust and the CMA account was transferred to the SDT Trust or the August 2019 Trust within 29 days of bankruptcy. The transfer to the SDT Trust occurred on the eve of trial in the Lawsuit. Further, the Debtor has failed to provide any documents relating to the amendment dated August 7, 2019.

**MOTION**

26. As the personal property not claimed as exempt or over-exempt in paragraph 9 above, the Trustee seeks turnover of the of same pursuant to 11 U.S.C. § 542 (a), which states:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

27. Again, to the extent the Trustee must object to any objection and revoke either trust, the Trustee specifically pleads same and seeks turnover of the CMA Account.

28. Undersigned counsel conferred with Debtor's counsel prior to filing this Motion.

**RESERVATION OF RIGHTS**

29. The Trustee reserves the right to amend or supplement this filing at any time prior to or at hearing.

**WHEREFORE, Marcia T. Dunn**, as the duly appointed Chapter 7 Trustee of the bankruptcy estate of SUZANA GIMENEZ DELLA TORRE, respectfully requests this Honorable Court enter an Order: (1) sustaining the Objection and granting the Motion; (2) find the CMA Account is non-exempt property of the estate; (3) directing the Debtor to immediately turnover over to the Trustee the CMA Account and the other property listed herein; (4) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of March, 2020.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 6th day of March, 2020, upon the Debtor and scheduled secured creditors:

Suzana Gimenez Della Torre
2750 NE 183rd St., Apt. 302
Aventura, FL 33160

Secured Creditors:
None

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 6th day of March, 2020, upon all registered users in this case.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
Barry.Turner@dunnlawpa.com

By:   */s/ Barry S. Tuner*
       Barry S. Turner, Esq.
       Florida Bar No. 85535