ORDERED in the Southern District of Florida on April 7, 2020.

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                             Case No. 19-21901-LMI

SUZANA GIMENEZ DELLA TORRE,                        Chapter 7

    Debtor.
_____/

### ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS AND MOTION FOR TURNOVER

**THIS MATTER** came before the Court on March 23, 2020 upon Chapter 7 Trustee, Marcia T. Dunn's ("Trustee") *Objection to the Debtors' Claimed Exemptions and Motion for Turnover* [D.E. 45]. The Court, having considering the objection to the Debtor's exemptions and motion for turnover, **ORDERS** and **ADJUDGES** as follows:

    1.    Within thirty (30) days of this Order, SUZANA GIMENEZ DELLA TORRE (the "Debtor"), and subject to the statutory exemptions to which the Debtor is entitled ($1,000, or, if

no homestead, $5,000, plus $1,000 for a car), shall turn over the following assets to the Trustee: (i) All disclosed and undisclosed Household goods and furnishings per Schedule A/B [D.E.1] Line 6; (ii) All disclosed and undisclosed Electronics per Schedule A/B [D.E.1] Line 7; (iii) All disclosed and undisclosed Jewelry per Schedule A/B [D.E.1] Line 12; (iv) Bank of America Savings Account x2038 in the amount of $860.72 as listed on Schedule A/B [D.E.1] Line 17.1; (v) Acorn Investment (account) in the amount of $218.00[1] as listed on Schedule A/B [D.E.1] Line 17.2; (vi) Bank of America Savings Account x2003 in the amount of $675.47[2] as listed on Schedule A/B [D.E.1] Line 17.3; (vii) Bank of America Savings Account x2003 in the amount of $197.29[3] as listed on Schedule A/B [D.E.1] Line 17.4; (viii) Bank of America Savings Account x5417 in the amount of $154.60[4] as listed on Schedule A/B [D.E.1] Line 17.5; (ix) Bank of America Savings Account x3664 in the amount of $551.49 as listed on Schedule A/B [D.E.1] Line 17.5.  If there is a dispute regarding valuation or ownership these need to be raised by the Debtor in a specific written pleading and will be resolved at the evidentiary hearing identified below.

    2.    With respect to the Debtor's claim of exemption for "The Suzana Gimenez Della Torre Family Revocable Living Trust dated June 27, 2011" or the "SUZANA GIMENEZ DELLA TORRE, TTEE U/A DTD 08/07/2019," (the "Trust"), on or before April 20, 2020, Debtor's counsel shall file a memorandum of law as to whether Maryland law, Florida law, or another jurisdiction's law applies to the claim of exemption and why, under whichever law, the Trust is exempt.  If the Debtor's counsel files a memorandum of law, the Trustee shall have up through

---

[1] To date, the Debtor has not yet provided an account statement for her Acorn Investment (account) as listed on Schedule A/B [D.E.1] Line 17.2 to the Trustee.
[2] To date, the Debtor has not yet provided an account statement for her Bank of America Savings Account x2003 as listed on Schedule A/B [D.E.1] Line 17.3 to the Trustee.
[3] To date, the Debtor has not yet provided an account statement for her Bank of America Savings Account x2003 as listed on Schedule A/B [D.E.1] Line 17.4 to the Trustee.
[4] To date, the Debtor has not yet provided an account statement for her Bank of America Savings Account x2003 as listed on Schedule A/B [D.E.1] Line 17.5 to the Trustee.

Case No. 19-21901-LMI

and including May 4, 2020 to respond to same.

3. The parties shall enter into a separate scheduling order regarding discovery and other deadlines on the *Objection to the Debtors' Claimed Exemptions and Motion for Turnover* [ECF #45].

4. The parties are directed to contract the Court regarding the scheduling of the evidentiary hearing.

# # #

**Copy furnished to:**
Barry S. Turner, Esq.

*Attorney Turner is directed to serve a copy of this Order upon all interested parties, and to file a Certificate of Service.*